BURTON SWEET, Administrator, *v.* SYLVESTER R. FRANKLIN.

A son was indebted by promissory notes to his father, who suffered the same to become outlawed, saying, that he never meant to collect them, as his son had had a hard time with a rough farm, which he had bought and cultivated. Upon his father's death, the son, in a conversation with his brothers, avowed his willingness to pay the notes, if his mother, to save expense, could settle up the estate without any administration, and have it for her use during life. In a suit on the notes, brought by an administrator on the father's estate, in which it did not appear that any settlement for life in behalf of the mother, had been made, or was proposed to be made, it was *held*, that the above acknowledgment would not, as a new promise, support the action.

ASSUMPSIT by the plaintiff, as administrator on the estate of the late Waterman Franklin, to recover of the defendant, son of the said Waterman, the amount of two promissory notes given by him to his father ; one, for the sum of $508, dated April 29th, 1846, and the other, dated September 1st, 1850, for the sum of $17,—both payable on demand, with interest. Besides the usual counts on the notes, the declaration contained a special count which alleged the indebtment of the defendant, and that in consideration of it, he undertook and promised to pay the plaintiff, as administrator, so much on said notes as would be equal to the defendant's share of the estate, real and personal, of said Waterman Franklin, of which he, the said Waterman, died seized and possessed. The writ was dated August 21st, 1862.

By consent, the general issue was pleaded, with leave to offer any evidence pertinent to the defence of the statute of limitations, and to the replication of the new promise, &c. The cause was submitted to the court in law and fact, and their opinion sufficiently states the evidence upon which it turned.

*Tillinghast, for the plaintiff*, cited *Bush* v. *Barnard*, 8 Johns. 407 ; *Boutwell* v. *Harris*, 30 Verm. 424 ; *Stevens* v. *Hewitt*, Ib. 262 ; *Mitchell* v. *Clay*, 8 Texas, 443.

*Peck, for the defendant.*

AMES, C. J.   We are not satisfied that the testimony proves a new promise in such sense as to support the action.   It comes from the two brothers of the defendant, both, interested witnesses in a case in which he, as a party, cannot testify, and relates to a conversation or conversations had with the defendant about the time of their father's funeral.

The testimony of one of the brothers is, that on the day of the funeral, the defendant admitted that he owed his father some notes, and was willing to pay them; but at the same time said, that all his brothers must render in all that they had had out of their father's estate, that the whole was to remain for the use of their mother, during her life, and after her death be divided equally between them, and that, to save expense, this settlement, which all the brothers had agreed to, was to be made without an administration, since there were no debts out, of any amount. The testimony of the other brother varies in some important particulars from this.   It makes the reluctance of the defendant to pay the outlawed notes,—which it stated, that he said he did not wish to cheat his brothers and sisters out of, and was willing to pay,—turn only upon his supposition,—which the brothers repudiated,—that they would exact of him compound interest, and states, that an agreement was made by his brothers with him, that the mother was to have the property and settle up the father's debts, and that the defendant was to be settled with by their giving up to him his notes, and he quitclaiming to them his interest in the father's estate.

Now, whatever may have been the agreement,—and in this state of the proof we cannot tell what it was, or whether there were anything more than propositions for a settlement,—we are not inclined to divorce from his acknowledgment of the old debt, or promise to pay it, any of the conditions of the proposed or agreed settlement favorable to the defendant, or which he exacted. In any view of the testimony, the settling up of the estate by the mother, without the expense of an administration, and the retaining of it to her use for life, were material ingredients of the proposed or agreed arrangement, under which the defendant, if either of these witnesses is to be believed, promised to pay.   We cannot do the injustice of visiting upon him his waiver of the statute,

Sweet, administrator, *v.* Franklin.

without seeing that he has the benefit of all that induced him to waive it.

All that we know is, that in contravention of the arrangement, an administration has been taken out by a stranger, who brings this suit, and that no settlement of Waterman Franklin's estate has been made, or, so far as the proof shows, has been offered or is proposed to be made, upon his wife for life. If this suit is successful, the defendant will have been induced to waive his defence of the statute for the sake of his mother, and then, by this action, compelled to waive it, irrespective of her, for the sake of his brothers and sisters.

We can be parties to no such injustice; and as his father, in his lifetime, according to the proof, had determined never to exact the payment of these notes from his son, because he had had a hard time in the purchase and cultivation of "a rough farm," are content to leave this matter to the "arrangement" of the father, until satisfied that we are equitably carrying out some "arrangement" of *all* his sons.

Let judgment be entered for the defendant, for his costs.